<table>
<tr><td>

**NOTICE TO PLEAD**
**TO: All Defendants**
You are hereby notified to file a written response to the
enclosed Complaint within twenty (20) days from the date of
service hereof or a judgment may be entered against you.

*Robert Jurewicz*
_____
**Attorney for Plaintiffs**

</td></tr>
</table>

**GALFAND BERGER, LLP**
**BY: RICHARD M. JUREWICZ, ESQUIRE**
**PA Supreme Court ID # 39436**
**BY: BROOKE J. ELMI, ESQUIRE**
**PA Supreme Court ID #325999**
**Attorneys for Plaintiffs**
**1835 Market Street, Suite 2710**
**Philadelphia, PA 19103**
**Tel: (215) 665-1600**
**Fax: (215) 564-2262**
**rjurewicz@galfandberger.com**
**belmi@galfandberger.com**

THIS IS NOT AN ARBITRATION
CASE. AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.

_____

MICHELE SAUPPEE-SNYDER and
DONALD SNYDER (w/h)
3516 Arlington Street
Laureldale, PA 19605,

        Plaintiffs

    v.

PROXIMA, INC. d/b/a NICKA K NEW YORK
and d/b/a TYCHE
109-15 178th Street
Jamaica, NY 11433

    and

KYCE INTERNATIONAL INC.
d/b/a BELL'ANGELO
1594 Chelsea Falls Lane
Suwanee, Georgia 30024,

        Defendants

PENNSYLVANIA COURT OF
COMMON PLEAS,
PHILADELPHIA COUNTY

CIVIL TRIAL DIVISION

NO.

JURY TRIAL DEMANDED

Case ID: 210302975

## CIVIL ACTION

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

## "AVISO" PARA DEFENDER

USTED HA SIDO DEMANDADO EN LA CORTE. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo de la demanda y notificación para asentar una comparecencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede otorgar una decisión contra usted sin aviso o notificación adicional por la cantidad de dinero de la demanda o por cualquier reclamación hecha por el demandante. Usted puede perder dinero, propiedad, u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. SI NO TIENE DINERO SUFICIENTE PARA PAGAR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACIÓN SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O A COSTO REDUCIDO A PERSONAS QUE CUALIFIQUEN.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

2

## CIVIL ACTION – COMPLAINT

1.       Plaintiffs Michele Sauppee-Snyder and Donald Snyder, wife and husband, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at 3516 Arlington Street, Laureldale, Pennsylvania 19605.

2.       Defendant Proxima, Inc. d/b/a Nicka K New York and d/b/a Tyche (hereinafter, "Proxima") is a business corporation organized and existing according to the laws of a state other than the Commonwealth of Pennsylvania, with its principal place of business located at 109-15 178th Street, Jamaica, New York 11433.

3.       Defendant KYCE International Inc. d/b/a Bell'Angelo (hereinafter, "Bell'Angelo") is a business corporation or similar business entity organized and existing according to the laws of a state other than the Commonwealth of Pennsylvania, with a principal place of business located at 1594 Chelsea Falls Lane, Suwanee, Georgia 30024.

4.       At all relevant times, Defendant Proxima was in the business of designing, manufacturing, marketing, distributing, and/or otherwise supplying various consumer and cosmetic products, haircare products, hairstyling tools, and handheld electric hair dryers, including Defendant Proxima's Tyche Turbo Jet Ionic 3000 model hair dryer.

5.       At all relevant times, Defendant Bell'Angelo was in the business of selling, advertising, marketing, distributing, packaging, and/or otherwise supplying various consumer products, including Defendant Proxima's "Tyche Turbo Jet Ionic 3000" model hair dryer.

3

6.      At all relevant times, Defendant Bell'Angelo's business included selling and distributing consumer products, including Defendant Proxima's "Tyche Turbo Jet Ionic 3000" model hair dryer, through an online seller "storefront" on Amazon.com under the name Bell'Angelo.

7.      Defendant Proxima was also engaged in distributing, marketing, and selling its products, including the Tyche Turbo Jet Ionic 3000 model hair dryer through various online retail sales platforms.

8.      At all relevant times, Defendant Proxima's business also included selling and supplying its products, including the Tyche Turbo Jet Ionic 3000 model hair dryer in direct sales to consumers through its own online sales platform, nicka.com.

9.      Based upon information and belief, at all relevant times, Defendant Proxima's business also included selling its products, including the Tyche Turbo Jet Ionic 3000 model hair dryer, at "brick and mortar" retail stores, including Sears and Walmart.

10.     Defendant Proxima is registered to do business in the Commonwealth of Pennsylvania.

11.     At all relevant times, Defendant Proxima had extensive, continuous, regular, and systematic business contacts within the Commonwealth of Pennsylvania by regularly marketing, advertising, distributing, and selling its products both directly to consumers and through retailer stores located therein.

12.     At all relevant times, Defendant Bell'Angelo had extensive, continuous, regular, and systematic business contacts within the Commonwealth of Pennsylvania by marketing, advertising, distributing, and selling products to individuals located therein.

Case ID: 210302975

13.     Venue in the instant matter is proper and appropriate in Philadelphia County as Defendant Proxima and Defendant Bell'Angelo, both individually and collectively, regularly and continuously conduct substantial business activities within the County of Philadelphia by marketing, advertising, and selling their products directly to consumers and through retail stores and distributors located therein.

14.     Based upon information and belief, at some time prior to July 19, 2020, Defendant Proxima designed, manufactured, customized, assembled, sold, supplied, and introduced into the stream of commerce a Tyche 3000 Ionic Turbo Hair Dryer (hereinafter, "subject Tyche hair dryer") with the expectation that it would be purchased by consumers for personal use.

15.     The subject hair dryer was sold and supplied by Defendant Proxima under its registered trade mark/name "Tyche" (trademark serial number 78862065 and registration number 3354094), which appeared on the subject hair dryer itself as well as the packaging, product materials, and attachment parts supplied with the hair dryer.

16.     Prior to July 19, 2020, Defendant Bell'Angelo was engaged in the business of selling, supplying, and distributing Defendant Proxima's Tyche 3000 Ionic Turbo hair dryers, including the subject Tyche hair dryer, through its online seller platform on amazon.com.

17.     On July 3, 2019, Plaintiff Michele Sauppee-Snyder purchased the subject Tyche 3000 Ionic Turbo Hair Dryer through Defendant Bell'Angelo's online seller account on Amazon.com.

18.     As sold and supplied to Plaintiff by Defendants Proxima and Bell'Angelo, the subject Tyche hair dryer was provided with three different hair dryer attachments,

consisting of two different style "pik" attachments (comb design) and one "nozzle" type attachment.

19.     On July 19, 2020, Plaintiff-Wife Michele Sauppee-Snyder was using the subject Tyche hair dryer with the elongated "pik" comb-style attachment to dry her hair, when the hair dryer suddenly ignited and began emitting flames from the area of the dryer nozzle, setting fire to Plaintiff's hair and shirt and causing her to suffer the severe and painful burn injuries described below.

20.     As a direct, proximate, and factual result of the aforesaid defective, unsafe, and unreasonably dangerous Tyche hair dryer and the negligence and wrongdoing of Defendants, Plaintiff Michele Sauppee-Snyder suffered severe and painful injuries and damages, including, but not limited to the following:

    a.  Physical injuries including but not limited to second degree partial thickness burns to right ear, neck, right cheek, as well as other first degree and indeterminate burns to other parts of the body including the face, ear, neck, head, and chest;

    b.  Hospital, medical, and rehabilitative expenses;

    c.  Conscious physical pain and suffering;

    d.  Disfigurement, scarring, embarrassment, and humiliation;

    e.  Emotional suffering and mental anguish;

    f.  Loss of quality of life past, present, and future;

    g.  Loss of enjoyment of life's pleasures past, present, and future.

21.     At all times relevant hereto, Plaintiff-Wife was acting with due care for her personal safety and wellbeing.

Case ID: 210302975

22.     At all times relevant hereto, Defendants Proxima and Bell'Angelo were acting individually or by and through their agents, employees, servants, and/or representatives, who themselves were acting within the course and scope of their agency and employment.

### COUNT I – NEGLIGENCE
### PLAINTIFF MICHELE SAUPPEE-SNYDER V. DEFENDANT PROXIMA INC.

23.     Plaintiffs repeat and incorporate all preceding paragraphs as though fully set forth herein at length.

24.     Defendant Proxima designed, manufactured, distributed, and sold the subject Tyche hair dryer, causing it to be placed into the stream of commerce to be purchased by consumers for personal use.

25.     At all times relevant hereto, Defendant Proxima, having undertaken to design, manufacture, assemble, market, advertise, distribute, and sell the subject Tyche hair dryer, had a duty to exercise ordinary care in the design, manufacture, testing, inspection, assembly, marketing, distributing, and sale of the subject Tyche hair dryer such that it would be reasonably safe for its intended uses and reasonably foreseeable uses.

26.     Prior to supplying the subject hair dryer, Defendant Proxima knew that it should never needlessly endanger users of the subject hair dryer.

27.     Prior to supplying the subject hair dryer, Defendant Proxima knew that it had a responsibility to ultimate users of the subject hair dryer to reduce or eliminate potential hazards of the subject product to the greatest extent reasonably possible.

28.     In manufacturing, selling, marketing, and supplying the subject hair dryer, Defendant Proxima knew that the subject hair dryer involved mechanical and electrical

7

energy to generate heat, and that there existed a serious risk of severe bodily injury to users in the event the subject hair dryer overheated or ignited.

29.     At all relevant times, Defendant Proxima knew or should have known that it was important to supply the subject hair dryer with proper and adequate safety controls and mechanisms to prevent or reduce, to the greatest extent possible, the risk of burn injuries, overheating and fire hazards associated with the subject hair dryer's design to avoid causing grave bodily harm to users such as Plaintiff.

30.     Defendant Proxima knew or should have known that the subject Tyche hair dryer posed an unreasonable risk of severe bodily injury to individuals Defendant Proxima reasonably should have expected would be subjected to risk of injury by the foreseeable and intended use of the product.

31.     Prior to selling and supplying the subject Tyche hair dryer to Plaintiff, Defendant Proxima knew or had reason to know that the subject Tyche hair dryer was subject to overheating when used in its foreseeable and intended manner, and knew or should have known the subject Tyche hair dryer posed an unreasonable risk of bodily harm to consumers such as Plaintiff-Wife.

32.     Defendant Proxima had no reason to believe that ultimate users of the subject Tyche hair dryer, such as Plaintiff, would recognize the unreasonably dangerous condition of the subject Tyche hair dryer as supplied by Defendant Proxima.

33.     Notwithstanding same, Defendant Proxima supplied the subject hair dryer without adequate or proper safety controls and/or design elements to protect users, including Plaintiff, from serious burn injuries caused by the subject hair dryer's design and intended use.

Case ID: 210302975

34.     The aforementioned injuries and damages suffered by Plaintiff Michele Sauppee-Snyder, as set forth above, were directly and factually caused by Defendant Proxima's negligence, carelessness, wrongdoing, and disregard for the safety of others, which included the following conduct, acts, and/or omissions:

   a. Failure to exercise reasonable care in designing, manufacturing, marketing, promoting, assembling, testing, distributing, selling, and/or otherwise supplying the subject Tyche hair dryer, including its components and/or attachment parts;

   b. Supplying the subject Tyche hair dryer in a defective and/or unreasonably dangerous condition, due to the hazard(s) created by the subject Tyche hair dryer's design and consequent risk of serious bodily injury;

   c. Designing, manufacturing, assembling, distributing, and/or otherwise supplying the subject Tyche hair dryer in a defective and/or unreasonably dangerous condition;

   d. Failure to exercise reasonable care in testing and inspecting the subject Tyche hair dryer for safety prior to its sale;

   e. Failure to incorporate proper and adequate safety features and/or design elements in the design of the subject Tyche hair dryer to reduce, to the greatest extent possible, the risk of burn/fire hazards posing risk of serious bodily injury to users;

   f. Failure to exercise reasonable care in the selection of materials used in the design of the subject Tyche hair dryer, including its components and/or attachment parts;

   g. Failure to exercise reasonable care in designing and manufacturing the subject product, including its component parts and dryer attachments;

   h. Supplying the subject Tyche hair dryer in an unsafe condition in that it posed risk of grave bodily injury outside of reasonable consumer expectations when used in a foreseeable and intended manner;

   i. Failure to exercise reasonable care in the sale, distribution, testing, and inspection of the subject hair dryer to ensure that it would perform and function in an expected and safe manner in its reasonably foreseeable and intended use;

   j. Supplying the subject Tyche hair dryer without an adequate, proper, and functioning thermal protection device to prevent the subject hair dryer from overheating and/or igniting;

   k. Supplying the subject Tyche hair dryer without adequate warnings and instructions to protect users from serious bodily injury caused by hazards associated with the design and intended use of the subject Tyche hair dryer;

9

Case ID: 210302975

l.  Failure to properly and adequately evaluate and identify the hazards and risks of injury associated with the foreseeable and intended uses of the subject hair dryer prior to placing it on the market for sale to consumers;

m.  Manufacturing, distributing, marketing, and supplying a hair dryer that was dangerous and unsafe for its foreseeable and intended use(s);

n.  Distributing, marketing, and supplying the subject Tyche hair dryer to be purchased by consumers such as Plaintiff-Wife despite knowing that the model/type Tyche Turbo Jet Ionic 3000 hair dryer was subject to overheating and/or igniting presenting a grave risk of bodily harm to ultimate users of the product;

o.  Failure to properly and effectively manage and oversee the supply chain for the subject model hair dryer to protect consumers from injuries caused by unsafe and defective products distributed by Defendant Proxima; and

p.  Failure to exercise reasonable care to ensure that the subject hair dryer conformed with its own internal quality standards and intended design.

35.    As a result of the aforementioned carelessness and negligence of Defendant Proxima, Plaintiff-Wife was caused to suffer the severe and painful injuries described herein.

36.    In the alternative, the negligence, carelessness, and  wrongdoing of Defendant Proxima, as set forth above, substantially increased the risk that Plaintiff-Wife would be caused to suffer the injuries and damages she did in fact suffer, as set forth above in detail.

**WHEREFORE,** Plaintiff Michele Sauppee-Snyder demands judgment be entered in her favor and against Defendant Proxima Inc. for an amount in excess of the arbitration limits of this Court, together with interest and costs of suit.

## <u>COUNT II – STRICT LIABILITY</u>
## <u>PLAINTIFF MICHELE SAUPPEE-SNYDER V. DEFENDANT PROXIMA INC.</u>

37.    Plaintiff repeats and incorporates all of the preceding paragraphs as though fully set forth herein at length.

38.     Defendant Proxima sold and/or supplied the subject Tyche hair dryer, causing it to be placed into the stream of commerce to be purchased by consumers such as Plaintiff for personal use.

39.     Based upon information and belief, Defendant Proxima also designed, manufactured, and/or assembled the subject Tyche hair dryer.

40.     In the alternative, Defendant Proxima distributed, sold, marketed, and/or otherwise supplied the subject Tyche hair dryer bearing its "Tyche" registered trade name/trade mark as if it were Defendant Proxima's own product and Defendant Proxima is therefore subject to the same liability as though it was the product manufacturer.

41.     At all times relevant hereto, Defendant Proxima was regularly engaged in the business of designing, manufacturing, selling, distributing, and/or introducing into the stream of commerce electric hair styling tools and handheld electric hair dryers, including the subject model Tyche 3000 Ionic Turbo Hair Dryer.

42.     Defendant Proxima was and is a supplier of the subject Tyche hair dryer within the meaning of Section 402A of the Restatement (Second) of Torts and Pennsylvania products liability law.

43.     As the entity responsible for manufacturing, distributing and/or supplying the subject Tyche hair dryer involved in Plaintiff's accident, Defendant Proxima is strictly liable to Plaintiff for all injuries and damages caused by the dangerous and defective Tyche hair dryer.

44.     The subject Tyche hair dryer was in substantially the same condition on the date of Plaintiff's accident as it was when it left Defendant Proxima's custody and control.

Case ID: 210302975

45.    The subject Tyche hair dryer was defective and unsafe for its reasonably foreseeable uses at the time it left the control of Defendant Proxima in that it subjected Plaintiff to serious injuries when used in an intended and foreseeable manner.

46.    The subject Tyche hair dryer was defective as supplied by Defendant Proxima because it functioned and performed in an unsafe and unexpected manner outside the reasonable expectations of an ordinary consumer when used in a foreseeable and intended manner.

47.    As sold and supplied by Defendant Proxima, the subject Tyche hair dryer featured a defective and unreasonably dangerous design relative to consumer expectations.

48.    As sold and/or supplied by Defendant Proxima, the design of the subject Tyche hair dryer was defective, dangerous, and unsafe, in that a reasonable consumer would conclude that the probability and seriousness of the harm posed by the design of the subject Tyche hair dryer outweighed the burden of providing available precautions.

49.    As sold and supplied by Defendant Proxima, the subject Tyche hair dryer featured a defective design in that there existed economically and technically feasible safe alternative design(s) that would have eliminated or substantially reduced the foreseeable risk of serious bodily harm.

50.    As manufactured, sold, and supplied by Defendant Proxima, the subject Tyche hair dryer was defective, unsafe, and dangerous to ultimate users, including Plaintiff, because it lacked adequate safety components and design elements, including warnings and/or instructions, necessary to protect the user from serious burn injuries.

51.    The defective design and/or unreasonably dangerous condition of the subject Tyche hair dryer was a factual cause of Plaintiff's accident, injuries, and damages described herein.

Case ID: 210302975

52.     Alternatively, the defective design and unreasonably dangerous condition of the subject Tyche hair dryer, as supplied by Defendant Proxima, substantially increased the risk that Plaintiff would suffer the injuries and damages she in fact suffered.

53.     Alternatively, Plaintiffs aver that the subject Tyche hair dryer ignited due to malfunction of the product that caused Plaintiff's injuries and damages described herein.

**WHEREFORE**, Plaintiff demands Judgment against Defendant Proxima Inc. for a sum in excess of the arbitration limits of this Court, together with interest and costs.

**COUNT III - NEGLIGENCE**
**PLAINTIFF MICHELE SAUPPEE-SNYDER V. DEFENDANT KYCE**
**INTERNATIONAL INC.**

54.     Plaintiff repeats and incorporates all of the preceding paragraphs as though fully set forth herein at length.

55.     Defendant Bell'Angelo sold the subject Tyche hair dryer, causing it to be placed into the stream of commerce to be purchased by consumers for personal use.

56.     At all times relevant hereto, Defendant Bell'Angelo, having undertaken to market, advertise, and sell the subject Tyche hair dryer to consumers such as Plaintiff, had a duty to exercise ordinary and reasonable care in supplying, marketing, distributing, and selling the subject Tyche hair dryer such that it would be reasonably safe for consumers.

57.     Prior to supplying the subject hair dryer, Defendant Bell'Angelo knew that it should never needlessly endanger users of the subject Tyche hair dryer.

58.     Prior to supplying the subject hair dryer, Defendant Bell'Angelo knew that, in selling and supplying the subject hair dryer, it had a responsibility to supply a reasonably safe product to avoid causing serious injury to ultimate users of the subject Tyche hair dryer.

13

59.     Prior to and at the time Defendant Bell'Angelo sold and supplied the subject Tyche hair dryer, Defendant Bell'Angelo knew that the subject Tyche hair dryer involved mechanical and electrical energy to generate heat, and that there existed a serious risk of severe bodily injury to users in the event the subject hair dryer overheated or ignited.

60.     At all relevant times, Defendant Bell'Angelo knew or should have known that it was important to provide proper and adequate safety controls and mechanisms to prevent or reduce, to the greatest extent possible, the risk of burn and/or fire hazards associated with the subject Tyche hair dryer's design to avoid causing grave bodily harm to users.

61.     Prior to selling and supplying the subject Tyche hair dryer to Plaintiff, Defendant Bell'Angelo knew or should have known that the subject Tyche hair dryer posed an unreasonable risk of severe bodily injury to individuals such as Plaintiff whom Defendant Bell'Angelo reasonably should have expected would be subjected to risk of injury by the foreseeable and intended use of the product.

62.     Prior to selling and supplying the subject Tyche hair dryer to Plaintiff, Defendant Bell'Angelo knew or had reason to know that the subject Tyche hair dryer was subject to overheating when used in its foreseeable and intended manner, and knew or should have known the subject Tyche hair dryer was unreasonably dangerous to consumers such as Plaintiff-Wife.

63.     Notwithstanding same, Defendant Bell'Angelo supplied the subject hair dryer in an unreasonably dangerous condition which caused Plaintiff's severe and painful burn injuries described herein.

64.     The aforementioned injuries and damages suffered by Plaintiff Michele Sauppee-Snyder, as set forth above, were directly and factually caused by Defendant Bell'Angelo's

14

negligence, carelessness, wrongdoing, and disregard for the safety of others, which

included the following conduct, acts, and/or omissions:

    a.  Failure to exercise reasonable care in marketing, promoting, assembling, testing, distributing, selling, and/or otherwise supplying the subject Tyche hair dryer;

    b.  Supplying the subject Tyche hair dryer in a defective and/or unreasonably dangerous condition, due to the hazard(s) created by the subject Tyche hair dryer's design and consequent risk of serious bodily injury;

    c.  Assembling, distributing, selling, and/or otherwise supplying the subject Tyche hair dryer in a defective and/or unreasonably dangerous condition;

    d.  Failure to exercise reasonable care in testing and inspecting the subject Tyche hair dryer for safety prior to its sale;

    e.  Failure to incorporate proper and adequate safety features and/or design elements in the sale and supply of the subject Tyche hair dryer so as to reduce, to the greatest extent possible, the risk of burn/fire hazards posing risk of serious bodily injury to users;

    f.  Failure to exercise reasonable care to ensure the subject Tyche hair dryer was reasonably safe for use by consumers prior to selling and supplying the subject Tyche hair dryer to Plaintiff-Wife;

    g.  Failure to exercise reasonable care in selling and supplying the subject Tyche hair dryer, including its component parts and dryer attachments;

    h.  Supplying the subject Tyche hair dryer in an unsafe condition in that it posed risk of grave bodily injury outside of reasonable consumer expectations when being used in a foreseeable and intended manner;

    i.  Failure to exercise reasonable care in the sale, distribution, testing, and inspection of the subject hair dryer to ensure that it would perform and function in an expected and safe manner in its reasonably foreseeable and intended use;

    j.  Supplying the subject Tyche hair dryer without an adequate, proper, and functioning thermal protection device to prevent the subject hair dryer from overheating and/or igniting;

    k.  Supplying the subject Tyche hair dryer without adequate warnings and instructions to protect users from serious bodily injury;

    l.  Failure to properly and adequately evaluate and identify the hazards and risks of injury associated with the foreseeable and intended uses of the subject hair dryer prior to placing it on the market for sale to consumers;

15

m. Distributing, marketing, and supplying a hair dryer that was dangerous and unsafe for its foreseeable and intended use;

n. Selling and supplying the subject Tyche hair dryer to Plaintiff despite knowing that the model/type Tyche Turbo Jet Ionic 3000 hair dryer was subject to overheating and/or igniting presenting a grave risk of bodily harm to users of the product;

o. Failure to properly and effectively manage and oversee the supply chain for the subject model Tyche hair dryer to protect consumers from injuries caused by unsafe and defective products distributed by Defendant Bell'Angelo; and

p. Failure to exercise reasonable care to ensure that the subject hair dryer conformed with its own internal quality standards and intended design.

65.     As a result of the aforementioned carelessness and negligence of Defendant Bell'Angelo, Plaintiff was caused to suffer the severe and painful injuries described herein.

66.     In the alternative, the negligence, carelessness, and  wrongdoing of Defendant Bell'Angelo, as set forth above, substantially increased the risk that Plaintiff would be caused to suffer the injuries and damages she did in fact suffer, as set forth above in detail.

**WHEREFORE,** Plaintiff demands Judgment against Defendant Kyce International Inc. d/b/a Bell'Angelo for an amount in excess of the arbitration limits of this Court, together with interest and costs of suit.

### COUNT IV – STRICT LIABILITY
### PLAINTIFF MICHELE SAUPPEE-SNYDER V. DEFENDANT KYCE INTERNATIONAL INC.

67.     Plaintiff repeats and incorporates all of the preceding paragraphs as though fully set forth herein at length.

68.     Defendant Bell'Angelo sold and/or supplied the subject Tyche hair dryer, causing it to be placed into the stream of commerce to be purchased by consumers such as Plaintiff for personal use.

16

Case ID: 210302975

69.     At all times relevant hereto, Defendant Bell'Angelo was regularly engaged in the business of selling and distributing handheld electric hair dryers, including the subject model Tyche 3000 Ionic Turbo Hair Dryer manufactured and produced by Defendant Proxima.

70.     Defendant Bell'Angelo was and is a supplier of the subject hair dryer within the meaning of Section 402A of the Restatement (Second) of Torts and Pennsylvania products liability law.

71.     As the entity responsible for supplying the subject Tyche hair dryer involved in Plaintiff's accident, Defendant Bell'Angelo is strictly liable to Plaintiff for all injuries and damages caused by the dangerous and defective Tyche hair dryer.

72.     The subject Tyche hair dryer was in substantially the same condition on the date of Plaintiff's accident as it was when it left Defendant Bell'Angelo's custody and control.

73.     The subject Tyche hair dryer was defective and unsafe for its reasonably foreseeable uses at the time it left the control of Defendant Bell'Angelo in that it subjected Plaintiff to serious injuries when used in an intended and foreseeable manner.

74.     The subject Tyche hair dryer was defective as supplied by Defendant Bell'Angelo because it functioned and performed in an unsafe and unexpected manner outside the reasonable expectations of an ordinary consumer when used in a foreseeable and intended manner.

75.     As sold and supplied by Defendant Bell'Angelo, the subject Tyche hair dryer featured a defective and unreasonably dangerous design relative to consumer expectations.

76.     As sold and/or supplied by Defendant Bell'Angelo, the design of the subject Tyche hair dryer was defective, dangerous, and unsafe, in that a reasonable consumer would

17

conclude that the probability and seriousness of the harm posed by the design of the subject Tyche hair dryer outweighed the burden of providing available precautions.

77.     As sold and supplied by Defendant Bell'Angelo, the subject Tyche hair dryer featured a defective design in that there existed economically and technically feasible safe alternative design(s) that would have eliminated or substantially reduced the foreseeable risk of serious bodily harm.

78.     As sold by Defendant Bell'Angelo, the subject Tyche hair dryer was defective, unsafe, and dangerous to ultimate users, including Plaintiff, because it lacked adequate safety components and design elements, including warnings and/or instructions, necessary to protect the user from serious burn injuries.

79.     The defective design and/or unreasonably dangerous condition of the subject Tyche hair dryer was a factual cause of Plaintiff's accident, injuries, and damages described herein.

80.     Alternatively, Plaintiffs aver that the subject Tyche hair dryer ignited due to malfunction of the product that caused Plaintiff's accident, injuries, and damages described herein.

81.     Alternatively, the defective design and/or unreasonably dangerous condition of the subject Tyche hair dryer, as supplied by Defendant Bell'Angelo, substantially increased the risk that Plaintiff would suffer the injuries and damages she in fact suffered.

**WHEREFORE**, Plaintiff demands Judgment against Defendant Kyce International Inc. d/b/a Bell'Angelo for an amount in excess of the arbitration limits of this Court, together with interest and costs of suit.

Case ID: 210302975

## COUNT V – BREACH OF WARRANTIES
### PLAINTIFF MICHELE SAUPPEE-SNYDER V. DEFENDANTS PROXIMA INC. and KYCE INTERNATIONAL INC.

82.     Plaintiffs repeat and incorporate all of the preceding paragraphs as though fully set forth herein at length.

83.     In manufacturing, distributing, selling, supplying and/or otherwise placing the subject Tyche hair dryer into the stream of commerce to be purchased by consumers such as Plaintiff, Defendant Proxima and Defendant Bell'Angelo, individually and collectively, expressly and/or impliedly warranted that the subject Tyche hair dryer was merchantable, fit, and safe for the ordinary and particular purposes for which it was supplied, and that it was free from defects.

84.     Prior to and at the time of the sale of the subject Tyche hair dryer, Defendant Proxima and Defendant Bell'Angelo, individually and collectively, expressly represented warranties that the subject Tyche hair dryer was effective, proper, fit, and safe for its intended use and of merchantable quality.

85.     Prior to and at the time of the sale of the subject Tyche hair dryer, Defendant Proxima and Defendant Bell'Angelo, individually and collectively, made implied warranties that the subject Tyche hair dryer was reasonably fit for the purposes for which it was sold and that it was of merchantable quality.

86.     The aforementioned representations and warranties set forth in the preceding paragraphs formed the basis of the bargain for the sale of the subject Tyche hair dryer and were relied upon by Plaintiff in purchasing the subject Tyche hair dryer.

87.     In truth and in fact, the above representations of Defendants regarding the subject Tyche hair dryer were false.

19

Case ID: 210302975

88.     Defendant Proxima breached express and implied warranties in that the subject Tyche hair dryer was not fit and safe for the ordinary or particular purposes for which it was supplied, was not in merchantable condition, and was defective, and these breaches were a proximate cause of Plaintiffs' injuries and resulting damages.

89.     Defendant Bell'Angelo breached express and implied warranties in that the subject Tyche hair dryer was not fit and safe for the ordinary or particular purposes for which it was supplied, was not in merchantable condition, and was defective, and these breaches were a proximate cause of Plaintiffs' injuries and resulting damages.

90.     In the alternative, the aforementioned breaches of warranties by Defendant Proxima and Defendant Bell'Angelo substantially increased the risk that Plaintiffs would be caused to suffer the injuries and damages they did in fact suffer, as set forth in detail above.

**WHEREFORE**, Plaintiffs demand judgment be entered in their favor and against Defendants Proxima, Inc. and Kyce International Inc., jointly and severally, for an amount in excess of the arbitration limits of this Court, together interest and costs of suit.

## COUNT VI – LOSS OF CONSORTIUM
## PLAINTIFF DONALD SNYDER V. DEFENDANTS PROXIMA, INC. and KYCE INTERNATIONAL INC.

91.     Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein at length.

92.     On July 19, 2020, Plaintiff Michele Sauppee-Snyder was married to Plaintiff-Husband Donald Snyder.

93.     As a direct result of the negligence, carelessness, and wrongdoing of all Defendants and the defective and unsafe condition of the subject Tyche hair dryer, as supplied by Defendants, Plaintiff-Husband Donald Snyder suffered the following damages and losses:

20

a. Loss of services, society, and conjugal fellowship of Plaintiff-Wife Michele Sauppee-Snyder.

**WHEREFORE**, Plaintiff-Husband Donald Snyder demands judgment against Defendants Proxima, Inc. and Kyce International Inc., jointly and severally, for all damages available under law, in an amount in excess of the arbitration limits of this Court, together with interest and costs of suit.

Respectfully submitted,

**GALFAND BERGER, LLP**

BY: _____

RICHARD M. JUREWICZ, ESQUIRE
PA Attorney ID No. 39436
BROOKE J. ELMI, ESQUIRE
PA Attorney ID No. 325999
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
Tel: (215) 665-1600
Fax: (215) 564-2262
rjurewicz@galfandberger.com
belmi@galfandberger.com
*Attorneys for Plaintiffs*

DATED: March 30, 2021

Case ID: 210302975

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.

**GALFAND BERGER LLP**

BY: _____

RICHARD M. JUREWICZ, ESQUIRE
Attorney ID No. 39436
BROOKE J. ELMI, ESQUIRE
Attorney ID No. 325999
1835 Market Street, Suite 2710
Philadelphia, PA 19103
Tel: (215) 665-1600
rjurewicz@galfandberger.com
belmi@galfandberger.com
**Attorneys for Plaintiff**

**Date: 03/30/2021**

Case ID: 210302975

## **VERIFICATION**

We hereby affirm that the following facts are correct:

We are the Plaintiffs in the foregoing action and the attached Pleading is based upon information which we have furnished to counsel and information which has been gathered by my counsel in preparation of this lawsuit. The language of the Pleading is that of counsel and not mine. We have read the Pleading and to the extent that the Pleading is based upon information which we have given to counsel, it is true and correct to the best of our knowledge, information and belief. To the extent that the content of the Pleading is that of counsel, we have relied upon counsel in making this Verification. We hereby acknowledge that the facts set forth in the aforesaid Pleading are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Date 3/7/2021

_____
MICHELE SAUPPEE-SNYDER

Date 3-7-21

_____
DONALD SNYDER

Case ID: 210302975